UNITED STATES of America,
Plaintiff–Appellee,

v.

Manuel Wade DESHOTEL,
Defendant–Appellant.

No. 06–40473
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 2007.

Michelle S. Englade, Assistant U.S. Attorney, U.S. Attorney's Office Eastern District of Texas, Beaumont, TX, for Plaintiff–Appellee.

Frank Warren Henderson, Amy R. Blalock, Assistant Federal Public Defender, Federal Public Defender's Office Eastern District of Texas, Tyler, TX, for Defendant–Appellant.

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM: *

Manuel Wade Deshotel has appealed a 54–month sentence imposed following his

---

* Pursuant to *5th Cir. R. 47.5,* the court has determined that this order should not be published and is not precedent except under the

limited circumstances set forth in *5th Cir. R. 47.5.4.*

* Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the court has determined that this opinion should not be

guilty plea to possession of a firearm by a convicted felon. Deshotel argues that his sentence is unreasonable and that the district court plainly erred by failing to provide notice that it was considering a sentence above the advisory guideline range.

The district court's findings of fact at sentencing are reviewed for clear error and its application of the Sentencing Guidelines is reviewed de novo. *United States v. Smith,* 440 F.3d 704, 706 (5th Cir.2006). We review the sentence for unreasonableness, taking into account the factors in *18 U.S.C. § 3553* (a). *Id.* Deshotel argues that his sentence is unreasonable because his offense conduct was accounted for under the advisory Guidelines and that his sentence is a greater punishment than is necessary to satisfy *§ 3553* (a).

Deshotel does not contest the calculation of the advisory guidelines range or the factual findings on which his sentence is based. As the district court articulated specific facts to support its deviation from the advisory guidelines range, we accord the sentence selected by the district court "great deference." *See Smith,* 440 F.3d at 710. The district court properly addressed the § 3553(a) factors, and the sentence is not unreasonable. *United States v. Reinhart,* 442 F.3d 857, 864 (5th Cir.), *cert. denied,* — U.S. ——, 127 S.Ct. 131, 166 L.Ed.2d 96 (2006).

Deshotel's challenge to the alleged lack of notice that his sentence might deviate from the Guidelines is subject to plain error review because Deshotel did not object in the district court. *United States v. Jones,* 444 F.3d 430, 443 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 2958, 165 L.Ed.2d 970 (2006). Even if we assume arguendo, that the district court erred by

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

failing to provide adequate notice, Deshotel has offered no argument or evidence to suggest that additional notice would have enabled him to persuade the district court to impose a lower sentence. Accordingly, he has not shown that any error affected his substantial rights. *See Jones,* 444 F.3d at 443.

AFFIRMED.